UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLAN PARMELEE, ) | No. C07-5567FDB-KLS |
| Plaintiff, ) | |
| v. ) | ORDER |
| STEVE SUNDBERG, *et al.*, ) | |
| Defendants. ) | |

On November 19, 2007, plaintiff Allan Parmelee filed a "Motion and Affidavit to Recuse Judge Burgess" from the above-captioned matter. Dkt. # 9. Pursuant to Local General Rule 8©), Judge Burgess reviewed plaintiff's motion, declined to recuse himself voluntarily, and referred the matter to the undersigned. Dkt. #10. Plaintiff's motion for recusal is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such

ORDER

> proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal).

      Having reviewed the record in the above-captioned matter, the Court cannot find any evidence of personal bias or prejudice against plaintiff or in favor of defendants. Even if the Court assumes that Judge Burgess has, from time to time, ruled against plaintiff or other unidentified litigants with whom plaintiff identifies, plaintiff has not provided any examples for the Court's review or otherwise shown that Judge Burgess' decisions were incorrect or inappropriate. Decisions based on the merits of the cases before him generally cannot support a recusal motion (United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)), and vague and unsupported allegations of a pervading bias are insufficient to warrant removal.

      The Court finds that Judge Burgess' impartiality in this matter cannot reasonably be questioned. There being no evidence of bias or prejudice, plaintiff's request to remove Judge Burgess from this matter is DENIED.

Dated this 10th day of December, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
Chief Judge, United States District Court

ORDER                                -2-