UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLAN PARMELEE,

    Plaintiff,

v.

STEVE SUNDBERG, *et al.*,

    Defendants.

Case No. C07-5567 FDB/KLS

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff's motion to remand (Dkt. # 5), Defendants' response (Dkt. # 7), and Plaintiff's reply (Dkt. # 8). Having carefully reviewed Plaintiff's motion, the Court finds that it should be denied.

## DISCUSSION

For federal jurisdiction to exist under 28 U.S.C. § 1331, the federal question must appear on the face of the complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

Defendants removed this case on the basis that Plaintiff is pursuing civil rights claims for damages under federal law. It is the nature of the cause of action that is controlling. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 n. 3 (9th Cir. 1996).

On or about September 10, 2007, Plaintiff filed a Complaint in Thurston County Superior Court alleging civil rights violations pursuant to 42 U.S.C. § 1983 and tort claims under Washington law. (Dkt. # 1). Plaintiff alleges that the Defendants violated his constitutional rights

ORDER - 1

to due process and free expression. *Id*. Plaintiff's Complaint was assigned Cause No. 07-2-01781-7. The actions alleged in Plaintiff's Complaint occurred while Plaintiff was incarcerated at Clallam Bay Corrections Center in Clallam County, Washington. *Id*. Plaintiff named Steve Sundberg, John Avery, Mark Kucza, Shawna Calkins, Rick Moss, Ricardo Alaniz, Robert Piver, Steve Ramsey, Ron Jensen, Jeffrey Uttecht, Mike Kenney, Steve Sinclair, Sandra Carter, Kurt Grubb, Steve Blakeman, Karen Brunson, Harold Clarke, and Ruben Cedeno as defendants. *Id*.

At the time of removal, Plaintiff had served Defendants Kurt Grubb, Steve Blakeman, Sandra Carter, and Ruben Cedeno. (Dkt. # 3). As of the date of Defendants' response, Plaintiff had failed to serve any other defendants. (Dkt. # 7). However, if Plaintiff accomplishes service on the remaining named defendants in this case, Defendants represent to the Court that the Attorney General's Office will represent them. Thus, all properly served Defendants have agreed to removal (Dkt. # 1) and all remaining Defendants, if properly served, will agree to removal and will be represented by the Attorney General's Office.

Defendants' removal of this action was done in a timely fashion. Defendants filed the notice of removal within thirty (30) days of receipt of Plaintiff's Complaint by Defendants, pursuant to 28 U.S.C. § 1446. (Dkt. # 1).

Plaintiff also alleges that Defendants failed to transfer the entire state court record. (Dkt. No. 5). Defendants counter with evidence that defense counsel contacted the Thurston County Superior Court and requested a certified copy of the entire file for Cause No. 07-2-01781-7. (Dkt. No. 7). Defendants state that they were provided with this certified copy on October 16, 2007 and that it is the same certified copy that was filed with this Court on October 16, 2007 at Dkt. # 1. Conversely, other than alleging that Defendants have failed to transfer the entire state court record, Plaintiff provides not proof of an incomplete record. Accordingly, the Court finds that Defendants have provided a complete state court record to this Court pursuant to 28 U.S.C. § 1446(a).

Plaintiff next alleges that as several of the named defendants live in Eastern Washington, venue in this Court is improper. However, venue in the Western District of Washington at Tacoma is appropriate as this is the judicial district in which the allegedly aggrieved person lives. In

ORDER - 2

addition, the alleged violation of Plaintiff's constitutional rights under § 1983 and other acts alleged by Plaintiff in his Complaint occurred in Clallam County, Washington. (Dkt. No. 1).

Finally, Plaintiff alleges that Defendants have failed to ask this Court to exercise pendent jurisdiction over state law claims. However, the Court need not accept jurisdiction over pendent state law claims unless it is determined that there are valid federal claims. 28 U.S.C. § 1367(c)(3); *see also San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district court not required to provide explanation when declining jurisdiction under § 1367(c)(3)). Therefore, the Court need not consider supplemental jurisdiction over state law claims unless some of Plaintiff's federal claims survive the dispositive motion phase of these proceedings.

According, it is **ORDERED** that Plaintiff's motion to remand (Dkt. # 5) is **DENIED.**

The Clerk of Court is directed to send a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this  28th   day of January, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3